UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
SEP 15 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE MATTER OF THE COMPLAINT
OF AGNER WATER SPORTS, LLC t/a
CAPT. JACK'S PIRATE SHIP ADVENTURES      Civil Action No.: 2:16cv554
AS OWNER OF THE M/V LOST PEARL

*Plaintiff-Petitioner,*

### COMPLAINT IN ADMIRALTY

NOW COMES Agner Water Sports, LLC t/a Capt. Jack's Pirate Ship Adventures (hereinafter referred to as "Petitioner" or "AWS") as owner of the M/V LOST PEARL, to petition this Honorable Court for exoneration from or limitation of liability, civil and maritime, pursuant to Rule 9(h) and Supplemental Rule F for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, alleging upon information and belief as follows:

1. This is an action for exoneration from or limitation of liability pursuant to 46 U.S.C. § § 30501 *et. seq.*, (the "Limitation Act") as amended, and Supplemental Rule F of the Federal Rules of Civil Procedure.

2. Subject matter jurisdiction exists with this Court pursuant to 28 U.S.C. § 1333.

3. This is a case of admiralty and maritime jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue over this claim is vested in this district pursuant to Supplemental Rule F(9), in that Petitioner has been sued in this district, is a Virginia Limited Liability Company, and the vessel at issue is found within this district.

5. Petitioner's Complaint is filed within six (6) months of the first written notice of a

claim that sufficiently satisfied the Limitation Act's requirements. That notice consisted of an Amended Complaint in an action filed in the Circuit Court of the City of Virginia Beach styled *Yvette Blai and Carlton Leathers, Plaintiffs, v. Agner Water Sports, LLC t/a Captain Jacks Pirate Ship Adventures Defendant,* Case No. CL15-3326 (the "State Court Action"), which action was first served by process server on AWS's Registered Agent on March 26, 2016, in which Plaintiffs assert claims for personal injuries. A copy of the Plaintiff's Amended Complaint filed in the State Court Action with proof of service is attached hereto as **Exhibit A**.

6. Petitioner is a Limited Liability Company existing under the laws of Virginia, with its principal place of business in Virginia Beach, Virginia and was at all material times the owner of the M/V LOST PEARL referred to in this Complaint.

7. AWS offers pirate-themed cruises on the M/V LOST PEARL, during which the crew entertains passengers – young and old – with stories and performances about pirates, including a mock pirate battle. During its cruises, the vessel typically travels out of Rudee Inlet in Virginia Beach, parallels the Atlantic oceanfront as far North as 42nd Street, then turns around and heads South along the same course until reaching its berth in Rudee Inlet. The average family cruise lasts less than two (2) hours.

8. Plaintiffs' State Court Complaint alleges that on August 31, 2013[1] the M/V LOST PEARL struck them while they were operating a kayak in Rudee Inlet, and that they suffered injuries as a result of Petitioner's negligence.

9. Petitioner, AWS, denies all liability for any alleged collision occurred in Plaintiffs' State Court Complaint, and affirmatively asserts that the State Court Plaintiffs

---

[1] State Court Plaintiffs' Second Amended Complaint alleges the underlying incident occurred on August 30, 2013, and not August 31, 2013, as referenced in Petitioner's Limitation pleadings. The parties, by the agreement of counsel, have requested the Virginia Beach Circuit Court issue an Order changing the date specified in Plaintiffs' Second Amended Complaint from August 30, 2013 to August 31, 2013. (See attached **Exhibit A-1**).

2

violated the Inland Navigation Rules, or "Rules of the Road," codified by the Inland Navigational Rules Act of 1980, 33 U.S.C.A. §§ 2001 to 2073, which govern navigation upon inland waters, when Plaintiffs operated their kayak in a narrow channel in such a manner that it impeded the passage of the M/V LOST PEARL, which can safely navigate only within the narrow channel. The kayak had a duty to stay clear of the M/V LOST PEARL, the privileged vessel at the time of the alleged incident, and whose draft restricted its maneuvering in Rudee Inlet's narrow channel.

10. Petitioner further submits that State Court Plaintiffs violated, *inter alia*, Rules Two (2) and Eight (8) of the Inland Navigation "Rules of the Road," by failing to safely operate their kayak in such a manner as to avoid a close-quarters situation, to avoid crossing ahead of a privileged vessel, and to avoid collision with that privileged vessel.

11. AWS, as owner of the M/V LOST PEARL, denies any negligence on its part which State Court Plaintiffs allege caused or contributed to their injuries.

12. If any negligence occurred, which is denied, any losses, damages or injuries resulting or occasioned therefrom were incurred without the privity or knowledge of Petitioner.

13. Petitioner believes that the voyage of the M/V LOST PEARL, during which the State Court Plaintiffs Yvette Blai and Carlton Leathers allegedly sustained injuries, concluded on or about 1900 on August 31, 2013.

14. Plaintiffs' Amended State Court Complaint alleges damages in the amount of $2,100,000. This *ad damnum* exceeds the value of Petitioner's interest in the M/V LOST PEARL at the conclusion of the vessel's voyage on August 31, 2013.

15. The M/V LOST PEARL is a fiberglass vessel, 64.5 feet in length that was built in

2011 (Official No. 1233885) and hails from the port of Virginia Beach, Virginia. AWS used due diligence to make the M/V LOST PEARL safe, and at all times material to this incident, the Vessel was tight, staunch, strong, fully equipped, supplied, and in all respects, seaworthy and fit for the service in which the Vessel was engaged.

16. At the time of the incident, the M/V LOST PEARL was valued at no more than three hundred forty one thousand five hundred dollars ($341,500.00). Although there was no pending freight at the conclusion of the voyage, the vessel carried paying customers, and at the conclusion of the vessel's voyage on August 31, 2013, would have earned no more than $1,500.00. For the purposes of this Limitation action, the value of the M/V LOST PEARL plus its pending freight did not exceed the sum of Three Hundred Forty Thee Thousand Dollars ($343,000.00). See Affidavit of Jack C. Agner, attached hereto as **Exhibit B**.

17. To the best of Petitioner's knowledge, information and belief, there are no demands or unsatisfied liens against the M/V LOST PEARL which arose from the voyage at issue. The LOST PEARL has not been attached or arrested. To Petitioner's knowledge, the only formal claim presently pending against it in any court of which Petitioner has received notice is the lawsuit for personal injuries filed by Yvette Blai and Carlton Leathers identified above.

18. Subject to an appraisal of Plaintiffs' interest on a reference, Petitioner offers an *ad interim* stipulation for value in the sum of Three Hundred Forty Three Thousand Dollars ($343,000.00).

19. Petitioner claims exoneration from liability for any and all damage and claims arising out the alleged collision on or about August 31, 2013, where the State Court Plaintiffs, Yvette Blai and Carlton Leathers, claim to have been injured while operating their kayak in

Rudee Inlet's narrow channel; and

20. Petitioner further claims the benefit of limitation of liability provided for in 46 U.S.C. §§50301, *et. seq.*, as well as all supplemental and amendatory statutes; and, to that end, Agner Water Sports, LLC stands ready, willing and able to provide a stipulation of value with sufficient surety and make payment to the Court in the amount or value of Petitioner's interest in the M/V LOST PEARL upon Order of the Court, as provided by the Supplemental Rules of Federal Civil Procedure for Certain Admiralty and Maritime Claims and Asset Forfeiture Proceedings, Rule F, and by the rules of practice of this Honorable Court.

WHEREFORE, Petitioner prays that this Honorable Court will:

1. Enter an Order forthwith permitting Petitioner to file an ad interim stipulation (the "Stipulation") for the value of AWS's interest in the M/V LOST PEARL and release the vessel from any and all liability *in rem* in the premises, the ad interim stipulation to be continued in force and effect until the value of Petitioner's interest in the M/V LOST PEARL might be more fully determined, if requested;

2. Enter an Order permitting Petitioner to submit a Letter of Undertaking[2] with the Court, or stipulation for value with surety in the amount of the AWS's interest in the M/V LOST PEARL, as set forth by 46 U.S.C. §§ 30501(b)(1), Supplemental Rule F(1) of the Federal Rules of Civil Procedure and Local Rule 65 of the Eastern District of Virginia;

3. That upon the filing of the Stipulation, this Court shall issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or

---

[2] Local Rule 65(A) of the Eastern District of Virginia permits the parties to agree upon the type of security to be posted and further authorizes the Court to accept the parties' chosen security. The parties, by counsel, have agreed to endorse a Proposed Order for Ad Interim Stipulation accepting Petitioner's Letter of Undertaking (to be provided by Crum & Forster//U.S. Fire Insurance Co.) in satisfaction of the statutory requirement to post security. Petitioner's Letter of Undertaking and supporting documents will be filed with the Court once they have been finalized.

destruction with respect to which Petitioner seeks exoneration from or limitation of liability, admonishing them to file their respective claim and answer to Petitioner's complaint under oath with the Clerk of Court, and to serve Petitioner's attorneys with a copy on or before the date specified in the notice;

4. That notice as required by Supplemental Rule F(4) shall be published in the newspaper or newspapers specified by rule of this Court for legal publication, once each week for four (4) consecutive weeks before the return date of the notice;

5. That upon the filing of the Stipulation, the Court shall issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, their underwriters, or any of their property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the casualty described in this complaint;

6. That if any claimant who shall have filed a claim shall also file an exception contesting the value of the M/V LOST PEARL or her pending freight, as alleged, and the amount of the *ad interim* stipulation, this Court shall cause due appraisement to be made of the value of the M/V LOST PEARL on the date of the alleged incident, and of the value of AWS's interest in the Vessel and any pending freight, in which event, this Court shall enter an order for the filing of an amended stipulation of the aggregate value, as so determined, of AWS's interest in the M/V LOST PEARL and her pending freight;

7. That this Court adjudge that Petitioner, AWS, and the M/V LOST PEARL, are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned or incurred as the result of the matters and happenings referred to in this complaint; or, in the alternative, if the Court should adjudge that Petitioner is

liable in any amount whatsoever, that such liability may be limited to the value of AWS's interest in the M/V LOST PEARL and her pending freight and may be apportioned *pro rata* among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or its property in consequence of or connected with the matters and happenings referred to in this complaint; and

    8.    That Petitioner have such other and further relief as justice may require and this Court be competent to grant.

Respectfully submitted,

AGNER WATER SPORTS, LLC T/A
CAPT. JACK'S PIRATE SHIP ADVENTURE

By: */s/ Patrick M. Brogan*
Patrick M. Brogan, VSB No. 25568
Daniel T. Stillman, VSB No. 88774
DAVEY, BROGAN & MEALS, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510-1636
Tel: 757 622-0100
Fax: 757 622-4924
Email: pbrogan@dbmlawfirm.com
       dstillman@dbmlawfirm.com

*Counsel for Agner Water Sports, LLC*